United States District Court
Southern District of Texas
**ENTERED**
May 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARLOS ANTONIO NUNEZ RIVERA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-CV-03890** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Carlos Antonio Nunez Rivera's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

I.      **BACKGROUND**

The parties do not dispute the following facts. Petitioner Carlos Antonio Nunez Rivera is a citizen of Honduras who entered the United States without inspection in 2009, when he was approximately thirteen years old. ECF No. 1 at ¶ 1. He has resided in the United States continuously since that time and has no criminal convictions. *Id*. at ¶ 1; 6. Mr. Nunez Rivera has developed strong ties to the United States in his more than sixteen years here. He is married to a U.S. citizen and is a father to one U.S. citizen child and a stepfather to another U.S. citizen child whose biological father is deceased. *Id*. at ¶ 4; 7.

1 / 5

On April 29, 2026, Mr. Cruz Hinojosa was taken into immigration custody after a traffic stop. *Id*. at ¶ 2. He has been in custody since that date without an individualized bond determination. Respondents position is that Mr. Nunez Rivera is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

Upon being detained, Mr. Nunez Rivera was charged with having entered the United States without inspection and placed in removal proceedings before an Immigration Judge (IJ). ECF No. 6, Ex. 1 (Notice to Appear). These removal proceedings are ongoing. *Id*. Mr. Nunez Rivera intends to pursue all available forms of relief from removal before the Immigration Court, including cancellation of removal for nonpermanent residents under INA § 240A(b). ECF No. 1 ¶ 5. He is also the beneficiary of an approved Form I-130 immigrant visa petition filed by his U.S. citizen spouse, which has been forwarded to the National Visa Center for consular processing. ECF No. 1, Ex. 3 (Form I-797C, Notice of Action approving the I-130 petition).

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a similar set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting

*Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*. While the Petitioner in this case has not yet been detained for as lengthy a period as the petitioner in *Rodriguez*, "[t]he Court's concern in Rodriguez was not the amount of time that the petitioner had been detained *per se*, but rather the potentially indefinite nature of her detention and the possibility that her removal proceedings would take years." *De La Mont Diaz v. Tate*, No. 4:26-CV-02638, 2026 WL 980247, at *2 (S.D. Tex. Apr. 9, 2026) (Ellison, J.). The Court has the same concern in this case.

### III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his

detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3.  Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to conditions of release beyond regular ICE check-ins without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 26, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

4 / 5

**IT IS SO ORDERED.**

Signed at Houston, Texas on May 20, 2026.

Keith P. Ellison
United States District Judge